UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YIHOSHUA WERNER AND HADASSAH C.
WERNER

                Plaintiffs,                Case No. 12-10301

v.                Honorable Julian Abele Cook, Jr.

NEW YORK COMMUNITY BANK, NYCB
MORTGAGE COMPANY, LLC, and AMTRUST
BANK

                Defendant.

ORDER

The Plaintiffs in this action, Yihoshua Werner and Hadassah C. Werner (hereinafter referred to collectively as the "Werners"), contend, *inter alia*, that the Defendants, the New York Community Bank, NYCB Mortgage Company, and Amtrust Bank are seeking to wrongfully foreclose on their home. This action was filed in the Oakland County Circuit Court and subsequently removed by the Defendants to this Court on the basis of its diversity jurisdiction. 28 U.S.C. §1332.

Currently before the Court is the Plaintiffs' motion for a temporary restraining order that would stay all foreclosure proceedings.

I.

On January 27, 2006 the Werners executed an adjustable rate note in the amount of $170,000.00 in favor of Great Lakes Mortgage Brokers, LLC on their property at 25300 Gardner in Oak Park, Michigan. The Mortgage Electronic Registration Systems ("MERS") was named to act solely as the nominee for the lender. On the same day, Great Lakes Mortgage Brokers endorsed

the note to Ohio Savings Bank. This assignment is signed by Mr. Werner. On December 4, 2009, the Office of Thrift Supervision took possession of the business and property interests of AmTrust Bank, formerly known as the Ohio Savings Bank. The Federal Deposit Insurance Commission ("FDIC") was appointed as its receiver pursuant to 12 U.S.C. § 1821(c)(3)(A). On the same date, the New York Community Bank acquired certain assets from AmTrust Bank, pursuant to an agreement with the FDIC. As part of that arrangement, the New York Community Bank acquired the Plaintiffs' mortgage loan.

In 2008 and 2009, the Plaintiffs failed to pay the property taxes on their home. On December 1, 2010, the New York Community Bank intervened and paid $18,000 in taxes to satisfy the outstanding tax obligations, preserve its own interest in the property, and avoid any potential tax foreclosure.

The last payment from the Werners was received by the New York Community Bank on March 16, 2011. On May 16, 2011, the New York Community Bank notified the Plaintiffs that they were in default on the mortgage loan, along with a warning to them that if they failed to cure the arrearage by May 30, 2011, the entire debt would be accelerated. On June 7, 2011, the New York Community Bank advised the Plaintiffs that they had several alternatives to foreclosure, including a loan modification, a short-sale, or a deed in lieu of foreclosure.

On July 27, 2011, the New York Community Bank notified the Plaintiffs that it would initiate foreclosure proceedings by advertisement. The Werners subsequently requested meditation, and the parties met in November of 2011.

On November 14, 2011, the New York Community Bank offered the Werners a loan modification. The modification letter stated that the offer would expire if the Plaintiffs did not sign

and return the agreement by November 28, 2011. On November 18, 2011, the Plaintiffs sent a counter-proposal to the New York Community Bank.

On December 10, 2011, the New York Community Bank denied the request for a loan modification. On December 15, 2011, the Plaintiffs were notified of a foreclosure sale scheduled for January 17, 2012. On December 16th, 23rd, and 30th of 2011, and January 6th of 2012, notice of the foreclosure sale was published in the Oakland County Legal News. On December 23, 2011, a notice of the foreclosure sale was posted on the front door of the Plaintiff's home.

## II.

An aggrieved party who seek to obtain a preliminary injunction bears the substantial burden of demonstrating entitlement to the requested relief. A preliminary injunction or a TRO is an extraordinary remedy, "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Leary v. Daeschner* 228 F.3d 729, 739 (6th Cir.2000). The court must consider four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir.2008) (internal quotations omitted).

## III.

The Plaintiffs submit that they are likely to succeed on the merits of their claim for permanent injunctive relief for several reasons. First, the Werners submit that the New York Community Bank did not adjourn the foreclosure sale as required by Mich. Comp. Law § 600.3220. That provision (1) regulates foreclosure by advertisement and (2) states that:

3

> Such sale may be adjourned from time to time, by the sheriff or other officer or person appointed to make such sale at the request of the party in whose name the notice of sale is published by posting a notice of such adjournment before or at the time of and at the place where said sale is to be made, and if any adjournment be for more than 1 week at one time, the notice thereof, appended to the original notice of sale, shall also be published in the newspaper in which the original notice was published, the first publication to be within 10 days of the date from which the sale was adjourned and thereafter once in each full secular week during the time for which such sale shall be adjourned. No oral announcement of any adjournment shall be necessary.

Under this statute, a foreclosing party who publishes an initial notice of foreclosure and sheriff's sale may continue to adjourn the sale from week to week without having to republish notice of the adjournment in a newspaper. Only when there is an adjournment of more than one week is re-publication in a newspaper required.

The New York Community Bank published notice of the foreclosure sale on December 16th, 23rd, and 30th of 2011, and January 6th of 2012 in the Oakland County Legal News. On January 17, 2012, the Plaintiffs obtained from the state court an ex parte temporary restraining order halting the scheduled foreclosure sale. The sale is currently scheduled for March 6, 2012. It is not clear to the Court if the New York Community Bank has published subsequent notice of the foreclosure sale or plans to do so in the coming weeks. However, the Plaintiffs are wrong to assert that an attempt to sell without being in strict compliance with the statute must be declared to be void.

Even if a defect in the weekly adjournment notices exists, such a defect only "renders a foreclosure sale voidable, not void." *Sweet Air Investment, Inc. v. Kenny*, 275 Mich.App. 492, 502 (Mich. Ct. App. 2007). The foreclosure sale has not occurred. Further, it is clear that the Plaintiffs are aware that their home is being foreclosed. The Plaintiffs have failed to establish that they would likely prevail on their claim, as it is based on a remote and hypothetical future injury.

Next, the Plaintiffs submit that the Defendants violated Mich. Comp. Law § 600.3204(3).

This provision requires that: "if the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." However, a recorded assignment from the original mortgagee, MERS, to the New York Community Bank has been filed with the Court as Exhibit 3 to the Defendants' motion to dismiss (ECF 5, Ex. 4, at 2). Plaintiffs' allegations regarding the transfer of the Plaintiffs' loan from Great Lakes Mortgage Brokers to the Defendants are not clear. Michigan law only requires that a foreclosing party be the mortgagee of record in order to foreclose by advertisement under Mich. Comp. Law § 600.3204(1)(d). The New York Community bank is clearly the mortgagee of record. (ECF 5, Exhibit 3). The Plaintiffs have failed to establish a strong likelihood of success on the merits regarding this issue.

In their motion for a temporary restraining order the Plaintiffs appear to argue that the New York Community Bank is not in possession of the promissory note and therefore cannot foreclose using the non-judicial process. However, these arguments do not appear either substantively or by inference in the causes of actions in the complaint. Therefore, the Court declines to examine the likelihood of success on the merits.

IV.

Inasmuch as the Court has found that there is not a substantial likelihood that the Plaintiffs will succeed on the merits in this action, it is unnecessary to examine the remaining three factors under the *Ohio Republican Party v. Brunner* standard. Accordingly, the Plaintiffs' motion for a temporary restraining order is denied (ECF 6).

IT IS SO ORDERED.

Date: February 27, 2012                                        s/Julian Abele Cook, Jr.
                                                               JULIAN ABELE COOK, JR.
                                                               U.S. District Court Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 27, 2012.

                                                               s/ Kay Doaks
                                                               Case Manager