UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


YIHOSHUA WERNER AND HADASSAH C.
WERNER

               Plaintiffs,

      v.                                   Case No. 12-10301
                                        Honorable Julian Abele Cook, Jr.

NEW YORK COMMUNITY BANK, NYCB
MORTGAGE COMPANY, LLC, and AMTRUST
BANK

               Defendants.


ORDER

      The two Plaintiffs in this action, Yihoshua Werner and Hadassah C. Werner (identified collectively as the "Werners"), contend, *inter alia*, that the Defendants, the New York Community Bank, the NYCB Mortgage Company, and the Amtrust Bank, are seeking to foreclose upon their home without any legal justification. This action, which was originally filed in the Oakland County Circuit Court of Michigan, was subsequently removed by the Defendants to this Court on the basis of its diversity jurisdiction. 28 U.S.C. §1332.

      Now pending before the Court is a motion to dismiss by two of the Defendants, the New York Community Bank and the NYCB Mortgage Company, LLC (ECF 5).

I.

      On January 27, 2006, the Werners executed a promissory note in the amount of $170,000.00 in favor of Great Lakes Mortgage Brokers, LLC relating to their home at 25300 Gardner in Oak

1

Park, Michigan. The Mortgage Electronic Registration Systems ("MERS") was named to act as the nominee for the lender. On the same day, the Great Lakes Mortgage Brokers LLC assigned the note, which bore Yihoshua Werner's signature, to the Ohio Savings Bank.

A reading of the pleadings herein suggest that December 4, 2009 was a significant day for the parties as it relates to this case, in that (1) the Office of Thrift Supervision assumed possession of the business and property interests of one of the Defendants, the AmTrust Bank, formerly known as the Ohio Savings Bank, (2) the Federal Deposit Insurance Commission ("FDIC") was appointed to serve as the receiver pursuant to 12 U.S.C. § 1821(c)(3)(A), and (3) a third Defendant, the New York Community Bank, acquired the Werners' mortgage loan, as well as some of the AmTrust Bank's assets as a result of its agreement with the FDIC.

There is also evidence that the Werners failed to pay the property taxes on their home in 2008 and 2009. On December 1, 2010, the New York Community Bank intervened, paid the then-existing tax arrearage of $18,000, preserved its own interest in the property, and, in so doing, avoided any potential pending tax foreclosure action.

The last payment from the Werners was received by the New York Community Bank on March 16, 2011. Two months later (May 16, 2011), the New York Community Bank advised the Werners that they were in default on the mortgage loan, along with a warning that their failure to fully satisfy the arrearage within a period of two weeks thereafter (by May 30, 2011), would result in an acceleration of the entire debt. On June 7, 2011, the Werners were told by the New York Community Bank that they had several alternatives to avoiding the commencement of foreclosure proceedings against them; namely, a loan modification, a short-sale, or a deed in lieu of foreclosure.

On July 27, 2011, the New York Community Bank notified the Werners that it had decided

2

to initiate foreclosure proceedings against their home by advertisement. The Werners subsequently requested mediation, and the parties met in November of 2011. On November 14, 2011, the New York Community Bank tendered a proposal to the Werners in the form of a modification letter which, in essence, stated that its offer would expire if they did not sign and return the enclosed agreement form before November 28, 2011. On November 18, 2011, the Werners transmitted a counter-proposal to the New York Community Bank which was rejected during the following month (December 10th).

On December 15, 2011, the Werners were advised that a foreclosure sale had been scheduled for January 17, 2012. On December 16th, 23rd, and 30th of 2011, and January 6th of 2012, notices of the foreclosure sale were published in the Oakland County (Michigan) Legal News. On December 23, 2011, a notice of the foreclosure sale was posted on the front door of the Werners' home.

II.

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court is obliged to accept the plaintiff's well-pleaded allegations as being true, all of which are to be construed in a light that is most favorable to it. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). However, this assumption of truth does not extend to the plaintiff's legal conclusions because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted).

In order to survive an application for dismissal, the complaint must allege "enough facts to

3

state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy this standard, the "plaintiff [must] plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In essence, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In considering a 12(b)(6) motion, "documents attached to the pleadings become part of the pleading and may be considered." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted)). Moreover, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Weiner, D.P.M. v. Klais & Co.*, 108 F.3d 86, 88 n.3 (6th Cir. 1997); *see also Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). Supplemental documents attached to the motion to dismiss do not convert the pleading into one for summary judgment where the documents do not "rebut, challenge, or contradict anything in the plaintiff's complaint." *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993) (citing *Watters v. Pelican Int'l, Inc.*, 706 F. Supp. 1452, 1457 n.1 (D. Colo. 1989)).

III.

4

The first count in the complaint, which carries the caption, "injunctive relief,"[1] contains a variety of claims; i.e., (1) violation of Mich. Comp. Laws § 600.3205c(7)(a) by failing to offer an affordable loan modification; (2) violation of Mich. Comp. Laws § 600.3204(3) because there is no record chain of title; (3) the paucity of evidence that the promissory note had been endorsed by the original lender to the New York Community Bank; and (4) failure to provide the Werners with notice of the acceleration of the debt.

To demonstrate an entitlement to a permanent injunction - in addition to demonstrating the requisite success on the merits- the proponents must demonstrate that (1) they have suffered an irreparable injury; (2) those remedies available at law (such as monetary damages) are inadequate to compensate either of them for their claimed injuries; (3) a remedy in equity is warranted when considering the balance of hardships between the parties; and (4) the public interest would not be adversely affected by the issuance of a permanent injunction. *eBay Inc. v. MercExchange, LLC,* 547 U.S. 388, 391 (2006) (citations omitted). The Court will address each claim in turn.

<u>Mich Comp. Laws § 600.3205c(7)(a)</u>

The Werners allege that the "Defendants have not in good faith offered to [them] a modification agreement prepared in accordance with the modification determination where the payment offered by Defendants is: (i) $800.00 more per month than what [they] were paying under the Note; and (ii) the alleged escrow capitalization appears to be over $10,000.00 more than [which the Defendants] could have possibly advanced on behalf of [the Werners] for unpaid taxes." Compl.

---

[1]At the outset, the Court notes that injunctive relief is not a freestanding claim but is only a form of relief. *See Terlecki v. Stewart*, 278 Mich.App. 644, 663 (Mich. Ct. App. 2008) (stating that "[i]t is well settled than an injunction is an equitable remedy, not an independent cause of action.")

¶ 49.

Mich. Comp. Laws § 600.3205c(7) requires that, where a borrower is eligible for a loan modification, the mortgage holder may not proceed with a foreclosure sale until it has offered the borrower a modification agreement, and the borrower has not executed the agreement within 14 days of receipt. The New York Community Bank did offer the Werners a loan modification. However, the Werners did not sign the proposed loan modification. Rather, they proffered a counter-proposal in response. As a consequence, this alleged failing by the Defendants does not state a viable claim under Mich Comp. Laws § 600.3205c(7)(a).

### Mich. Comp. Laws § 600.3204(3)

The Werners also allege that "[t]here is no assignment to the Bank records as indicated in the Foreclosure Notice." Compl. ¶ 51. Michigan law requires that "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." Mich. Comp. Laws § 600.3204(3). However, the New York Community Bank has provided the Court with a copy of the recorded assignment from the original mortgagee, MERS, to the New York Community Bank, as found in the Oakland County Register of Deeds. (ECF 5, Ex. 3). Therefore, the Werners have failed to state a claim for a violation of Mich. Comp. Laws § 600.3204(3)

### Endorsement of the Promissory Note

The Werners allege that "[t]here is no indication or evidence presented that the [promissory

6

note] was ever indorsed to any of the Defendants with the Note made payable to the Originating Broker." Compl. ¶ 53. However, the law in Michigan only requires that a foreclosing party be the mortgagee or record to foreclose by advertisement under Mich. Comp. Laws § 600.3204(1)(d). *See Residential Funding Co., LLC v. Saurman*, 490 Mich. 909, 910 (2011). The New York Community Bank is the mortgagee of record. (ECF 5, Ex. 3).

<u>Notice of Acceleration of the Debt</u>

The Werners allege that "[t]here was never any notice of any acceleration of the indebtedness of the Note required by Section 7(C) of the [Promissory] Note." Compl. ¶ 54. However, the evidence in this record reveals that the New York Community Bank did inform the Werners in a letter on May 30, 2011 that the debt would be accelerated if the arrearage was not corrected on or before May 30, 2011. (ECF 5, Ex. 6). Therefore the Werners have failed to state a claim on this issue.

<u>Werners' Claim for Declaratory Relief</u>

In one of their counts, the Werners seek to obtain declaratory relief on those issues which relate to whether (1) the foreclosure must proceed by advertisement or judicially; (2) a record chain of title exists, and (3) the New York Community Bank has standing under Mich. Comp. Laws § 600.3204(1)(d) to foreclose by advertisement. Compl. ¶ 62-64. Inasmuch as these claims are redundant to the legal claims that have been previously addressed, this count fails to state a claim.

Another count within the complaint involves a claim for promissory estoppel wherein the Werners have asserted that the Defendants should be "estopped from not working with [them] to fashion a modified payment which was not more than $800.00 per month greater than due under the Note." Compl. ¶ 71. A claim of promissory estoppel under Michigan law requires evidence of "(1) a promise; (2) an expectation of an action of a definite and substantial character by the promisee;

7

(3) reliance or forbearance of that nature; and (4) in circumstances such that a promise must be enforced if injustice is to be avoided." *Marrero v. McDonnell Douglas Capital Corp.*, 200 Mich. App. 438, 442 (Mich. Ct. App. 1993). Michigan's statute of frauds precludes the enforcement of promissory estoppel claims against "financial institutions" which pertain to oral promises to make "financial accommodations" or waive provisions of a loan, absent an authorized signed writing. Mich. Comp. Laws § 566.132(2); *Crown Technology Park v. D&N Bank, FSB*, 242 Mich. App. 538, 550 (Mich. Ct. App. 2000) (recognizing that Mich. Comp. Laws § 566.132(2) preclude[s] *all* actions for the enumerated promises and commitments, including actions for promissory estoppel"). Therefore, the Werners' claim of promissory estoppel must be dismissed.

IV.

For the reasons that have been stated above, the motion to dismiss by the New York Community Bank and NYCB Mortgage Company is granted. (ECF 5).

IT IS SO ORDERED.

Date: August 3, 2012                                    s/Julian Abele Cook, Jr.
                                                       JULIAN ABELE COOK, JR.
                                                       U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective

email addresses or First Class U.S. mail to the non-ECF participants on August 3, 2012.

s/ Kay Doaks
Case Manager